UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
(LEXINGTON)

***(Electronically Filed)***

| | | |
|---|---|---|
| GARY HURD | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action No.: 5:20-CV-00295-GFVT |
| | ) | |
| v. | ) | Judge: Gregory F. Van Tatenhove |
| | ) | |
| | ) | |
| | ) | |
| O'REILLY AUTO PARTS | ) | |
| (properly O'Reilly Automotive Stores, Inc.) | ) | |
| | ) | |
| DEFENDANT | ) | |

**MOTION TO REMAND**

Comes the Plaintiff, GARY HURD, by counsel, and moves the Court in accordance with 28 U.S.C. § 1447 to remand this action to the Madison County Circuit Court of the Commonwealth of Kentucky, upon the following grounds:

1.      On July 10, 2020, Defendant filed a Notice of Removal;

2.      Pursuant to CR 8.01, Plaintiff's Complaint did not pray for any sum as alleged damages other than alleging the damages to be in excess of any minimum dollar amount necessary to establish the jurisdiction of the state court. Plaintiff did not allege that he seeks sums in excess of $75,000.00;

3.      Plaintiff attaches a Stipulation hereto by which he stipulates and agrees the amount in controversy to be less than $75,000.00 and he does not seek and will not accept damages, if awarded, in excess of $74,999.99;

1

4.      Defendant wrongly assumes that the jurisdictional amount is over $75,000.00;

5.      It has been customary jurisprudence of this Court to accept a post-removal stipulation as clarification of the amount of damages sought. Removal statutes are to be strictly construed, because federal courts are courts of limited jurisdiction, and "any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)," *Hamilton v. W.L. Gore & Associates, Inc.*, 7:19-CV-00027-GFVT, 2019 WL 2250637, at *1 (E.D. Ky. May 24, 2019). If a plaintiff is seeking unliquidated damages, Kentucky's Rules of Civil Procedure prevent said plaintiff from specifying a dollar amount in any pleading. See Ky. R. Civ. P. 8.01. A plaintiff can, however, make a post-removal clarification, in the form of a stipulation, concerning the amount of damages he seeks. See *Tankersley v. Martinrea Heavy Stampings*, Inc., 33 F.Supp.3d 775, 780 (E.D. Ky. 2014).

Even when policy limits allow for a higher recovery, a simple stipulation regarding damages is sufficient to warrant remand. *Manning v. State Farm Fire and Cas. Co*., 2011 WL 146391, at *1 (E.D. Ky. 2011). In *Hamilton v. W.L. Gore & Associates, Inc*., 7:19-CV-00027-GFVT, 2019 WL 2250637, at *1 (E.D. Ky. May 24, 2019), the Court states that post-removal stipulations regarding damages are sufficiently unequivocal, and justify remand.

Plaintiffs make the initial choice of forum with their Complaints; they are further empowered to take "certain proactive steps to preclude removal from that forum." *Rogers*, 230 F.3d at 871 (citing *Gafford v. General Elec. Co.,* 997 F.2d 150, 157 (6th Cir.1993)), *Hoop v. Wal-Mart Stores East, L.P.,* CIV. 13-115-GFVT, 2014 WL 1338704, at *2 (E.D. Ky. Mar. 31, 2014).

"In light of *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F.Supp. 1305 (E.D.Ky.1990), courts in this district generally remand cases wherein the post-removal stipulation that relief does

not exceed $75,000 is the first specific statement of the alleged damages and works to clarify the amount in controversy," *Manning v. State Farm Fire & Cas. Co.*, CIV.A. 10–352–KSF, 2011 WL 146391, at * 2 (E.D.Ky. Jan. 18, 2011) ("As a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint, the Stipulation of Damages is the first specific statement of Manning's alleged damages in this case. Manning's stipulation, just as in *Cole*, did not change the information upon which State Farm relied; instead, the stipulation provided, ab initio, the specific damage amounts claimed."); *King v. Household Fin. Corp. II*, 593 F.Supp.2d 958, 961 (E.D.Ky.2009) ("the stipulation in Cole did not reduce the amount in controversy, but instead established it for the first time*.")*, *Hoop v. Wal-Mart Stores East, L.P.*, CIV. 13-115-GFVT, 2014 WL 1338704, at *4 (E.D. Ky. Mar. 31, 2014);

6.      Plaintiff acknowledges that through remand to state court he is bound to damages below $75,000.00, in accordance with *Hoop v. Wal-Mart Stores East, L.P.,* CIV. 13-115-GFVT, 2014 WL 1338704, at *4 (E.D. Ky. Mar. 31, 2014) ("In remanding cases under *Cole*, courts in this district have been clear that, while the stipulation can enable plaintiffs to demonstrate that they seek relief in an amount below $75,000, they are bound to that limited recovery upon their return to state court.")

The *Hoop* Court indicated that a stipulation that agrees to neither seek nor accept an amount greater than $49,999.99 is sufficient to remand a case to state court. The *Hoop* Court found the stipulation to be legally binding and stated this allows someone to do what is otherwise not possible under the procedural rules of Kentucky. *Id.*

The *Hoop* Court further clarified that a prior mentioned demand amount would support removal but that a stipulation is inapposite and does not assist Defendants in meeting their

3

burden of showing by preponderance of the evidence that the amount in controversy in this case merits federal jurisdiction," *Id.*

7.      Federal jurisdiction is improper under 28 U.S.C.A. § 1332(a) as the amount in the controversy of this matter does not exceed the sum or value of $75,000.00, exclusive of interest and costs for each plaintiff;

8.      This Court does not have proper jurisdiction since the amount in controversy is below $75,000.00;

9.      Defendants O'Reilly Automotive Stores, Inc., has failed to sustain their burden of showing that this Court has jurisdiction of this case, and an Order of Remand should be entered.

WHEREFORE, the Plaintiff prays as follows:

For an Order remanding the said civil case to the Madison County Circuit Court and directing that Plaintiff recover all costs and disbursements, including attorney's fees, incurred by the removal proceedings, and for such other relief as may be proper.

.

Respectfully Submitted,

MORRIN LAW OFFICE


   __/s/ Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94638)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
(859) 972-0813 – facsimile
Rob@MorrinLawOffice.com
*Counsel for Plaintiff*

4

## NOTICE OF HEARING

This matter may be heard orally at the pleasure and discretion of this Court.

_/s/ Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*


* * * * * * * * * *

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Motion

for Remand was mailed to the following this 4th day of August, 2020:

Timothy L. Edelen
Ryan E. Galloway
Bell, Orr, Ayers & Moore, PSC
1010 College Street
P.O. Box 738
Bowling Green, KY 42102
*Counsel for Defendant,*
*O'Reilly Automotive Stores, Inc.*
*(improperly named" O'Reilly Auto*
*Parts")*


_/s/ Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*

5