UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| GARY HURD, | ) | |
| | ) | |
|    Plaintiffs, | ) | Civil No: 5:20-cv-00295-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| O'REILLY AUTO PARTS (O'Reilly | ) | **&** |
| Automotive Stores, Inc.), | ) | **ORDER** |
| | ) | |
|    Defendant. | ) | |
| | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Gary Hurd was allegedly injured when he fell at Defendant O'Reilly Automotive Stores, Inc.'s premises in Richmond, Kentucky. Hurd subsequently filed a complaint in Madison Circuit Court, alleging a state law claim for negligence and violations of the Unfair Claims Settlement Practice Act. [R. 1-1.] Defendant O'Reilly Automotive Stores, Inc. removed this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [R. 1.], and Hurd now seeks to remand it [R. 5]. For the reasons explained below, Plaintiff's Motion to Remand is **GRANTED**.

**I**

Plaintiff Gary Hurd alleges that he was injured when he fell at the O'Reilly Automotive Stores, Inc. located in Richmond, Kentucky on May 29, 2019. [R. 1-2 at 8.] On May 27, 2020, Hurd filed his Complaint in Madison Circuit alleging a state law claim for negligence and violations of the Unfair Claims Settlement Practices Act. [R. 1-1.] In compliance with Kentucky Rule of Civil Procedure 8.01(2) prohibiting allegations of specific sums for

unliquidated damages, Hurd's original Complaint does not specify the amount of damages he seeks but instead asserts that he has been damaged by Defendants' negligence "in amounts in excess of the jurisdictional requirements" of Madison County Circuit Court. [R. 1-1 at ¶ 5.]

On July 10, Defendant removed this action from Madison Circuit Court on the basis of this Court's diversity jurisdiction which requires complete diversity between the parties and an amount in controversy greater than $75,000. [R. 1]; *See* 28 U.S.C. § 1332(a)(1). Subsequently, on August 4, Hurd filed a motion to remand the action back to state court. [R. 5.] Hurd does not dispute that he is a citizen of Kentucky, and that Defendant is a citizen of Missouri, thus creating complete diversity. Rather, Hurd argues that the jurisdictional threshold amount of damages has not been met. *Id*. at 1. In support, Hurd attaches a stipulation in which he states as follows: "The Plaintiff, Gary Hurd, through Counsel, hereby stipulates and agrees that the controversy in this matter does not exceed $75,000 and he shall not accept damages in excess of $74,999.99, if so awarded." [R. 5-1.] This stipulation was filed and entered to the Court as an attached exhibit to Plaintiff's motion to remand. *Id.* Based on this stipulation, Hurd now contends that the Court lacks subject matter jurisdiction and must remand the case to Madison Circuit Court. [R. 5 at 4.]

## II

### A

The Court must first address Plaintiff's Motion to Remand before any pending dispositive motions. A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000 and the dispute is between" those

who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Where a plaintiff's complaint requests an indeterminate amount in damages, the "Court places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). A defendant is not required to prove to a legal certainty that a plaintiff's damages are greater than $75,000. *Id.* at 572. "A defendant's claims of the amount in controversy must be supported by 'competent proof,' which can include affidavits, documents, or interrogatories." *Ramsey v. Kearns*, 2012 U.S. Dist. LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

1

At issue here is whether Plaintiff's statement in his Motion to Remand and attached stipulation that the claim is for less than $75,000 is a sufficient stipulation which precludes removal of the case to federal court. The Court concludes that Hurd's stipulation is sufficiently unequivocal to be binding on future litigation. A Plaintiff "is the master of the claim," so "a claim specifically less than the federal requirement should preclude removal." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993). In Kentucky, where plaintiffs are prevented from pleading a specific amount of damages, and where the state permits recovery of damages in

excess of the amount demanded, federal courts sitting in diversity have long held that "[w]hen a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) (collecting cases); *see also, e.g., Egan v. Premier Scales & Systems*, 237 F. Supp. 2d 774, 777-78 (W.D. Ky. 2002) (finding this principle is consistent with the Sixth Circuit's prohibition on post-removal reductions and with other districts where the state prohibits plaintiffs from making specific demands in the complaint) (collecting cases); *Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, *3 (W.D. Ky. June 27, 2013) (finding the same).

Therefore, in order to defeat federal diversity jurisdiction, a post-removal stipulation limiting the amount of damages must be the first time the plaintiff provides specific information about the amount in controversy, thereby serving to simply clarify "that the amount in controversy is and has been below the jurisdictional threshold *from the outset*." *Jenkins v. Douglas*, 2015 WL 3973080, *2 (E.D. Ky. June 30, 2015); *accord Agri-Power*, 2013 WL 3280244, at *3. Additionally, in order "to guard against forum shopping and encroachments on the defendant's right of removal," the stipulation limiting damages also must be "unequivocal" such that it will be binding on the parties and on any state court to which the case is remanded. *Egan*, 237 F. Supp. 2d at 778; *see also Leavell v. Cabela's Wholesale, Inc.*, 2015 WL 9009009, *2 (W.D. Ky. Dec. 15, 2015).

"When a case is remanded on the basis of a post-removal stipulation then the plaintiff is bound to recover no more than the damages to which he stipulated upon his return to state court." *Tankersley*, 33 F. Supp. 3d at 780. Therefore, because Kentucky allows plaintiffs to recover more than they originally seek, any post-removal stipulation that the damages sought are less

4

than $75,000 needs to be unequivocal in order to effectively limit the recovery such that remand is warranted. *Egan*, 237 F. Supp. 2d at 778. While federal courts have recognized that a plaintiff's sworn stipulation that he will "neither seek nor accept" damages greater than $75,000 is sufficiently unequivocal, they have also found stipulations that plaintiffs will not "ask for" more than $75,000 are too equivocal to warrant remand. *Compare Leavell*, 2015 WL 9009009, at *2 (citing as examples of unequivocal stipulations language stating that plaintiff "neither seeks, nor will accept, damages greater than $75,000"; plaintiff "will neither seek nor accept damages" greater than $75,000; or plaintiffs "have never sought, and will not accept" more than $75,000); *with Helton v. Lelion*, 2014 WL 5824894, at *3 (E.D. Ky. Nov. 10, 2014) (finding plaintiff's stipulation that she will not "ask for" more than $75,000 to be equivocal and insufficient to prevent her from collecting damages in excess of that amount). In *Egan*, the court found plaintiff's stipulation that she "will [only] accept a sum of $74,990 exclusive of interests and costs" to be equivocal because "merely say[ing] that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." 237 F. Supp. 2d at 775, 778.

In the Motion to Remand at issue in this case, Plaintiff stipulated that "the controversy in this matter does not exceed $75,000.00 and he shall not accept damages in excess of $74,999.9, if so awarded." [R. 5-1.] Both requirements of an unequivocal stipulation are clearly met by Plaintiff's sworn statement. As to the first prong, while Plaintiff does not explicitly state that he does not "seek" more than $75,000, his statement that the claim does not exceed that amount evidences that the Plaintiff is not pursuing or seeking an amount greater than $75,000. *See id*. In a recent decision in this district, the Court found that a similar statement was sufficient even though the plaintiff did not explicitly state "seek." *Tackett v. Elovations Serv. Group, LLC*, 2019 WL 903848, at *3 (E.D. Ky. Feb. 22, 2019). Plaintiff then explicitly states that he would not

5

accept a greater sum of money, and, thus, the second requirement is clearly met. *See id.* The Court finds that Hurd has made an unequivocal stipulation limiting damages to less than $75,000, and thus the amount-in-controversy requirement for diversity jurisdiction is not met. Therefore, the case shall be remanded**.**

**B**

Hurd has also requested an award of costs and attorney fees stemming from unsuitable removal pursuant to 28 U.S.C. § 1447. [R. 5 at 4.] Although this Court has ultimately concluded that remand is proper, the Court does not find that Defendant "lacked an objectively reasonable basis for seeking removal." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013). Given that some courts have found varying stipulations insufficient to defeat diversity jurisdiction, the Defendant had a reasonable basis for believing this Court had jurisdiction over the case. Therefore, this Court denies the Plaintiff's request for award of costs and attorney fees. [R. 5 at 4.]

**III**

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Remand [**R. 5**] is **GRANTED;**

2. Plaintiff's request to recover fees and costs, including attorney's fees, incurred by the removal proceedings, is **DENIED**;

3. This case is **REMANDED** to the Madison County Circuit Court; and

4. This case is **STRICKEN** from this Court's active docket.

This the 8th day of September, 2020.

Gregory F. Van Tatenhove
United States District Judge

7